FILED
FEB -3 2015
Clerk, U.S. District and Bankruptcy Courts

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
FOR THE DISTRICT OF COLUMBIA

Case No.:

James Gary Hamilton,
EX REL.
Private Attorneys General,
Plaintiff, Relator
17576 Via Del Bravo  PO Box 954
Rancho Santa Fe, California [92067]
(858) 663-5625
jgaryhamilton46@yahoo.com

Case: 1:15-cv-00149
Assigned To : Cooper, Christopher R.
Assign. Date : 2/3/2015
Description: Pro Se Gen. Civil

v.

JP MORGAN CHASE BANK, NA
399 Park Avenue
New York, New York 10043
US BANK, NATIONAL ASSOCIATION
425 Walnut Street
Cincinnati, Ohio 45202
HOME SALES INC.,
194 Wood Avenue South,
2nd Floor
Iselin New Jersey 08830
WELLS FARGO BANK, NA
420 Montgomery Street
San Francisco, California 94163
DOES 1 through 15, inclusive,
          Defendants
_____/

## NOTICE OF MOTION AND MOTION FOR RECUSAL OF JUDGE ROSEMARY M. COLLYER FOR CONFLICT OF INTEREST AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

To the district court of the United States for the District of Columbia.

1. I, Gary Hamilton, the Plaintiff, in the above entitled action and acting as my own counsel, hereby petition this court for a recusal of Honorable Judge Rosemary M. Collyer, since she has a conflict of interest related to her investments in the banking industry. This is a motion for recusal

Motion For Recusal                    1

of Judge Rosemary M. Collyer and I believe that her past adverse decisions in related cases and her investments indicates her prejudice in favor of the banks.

Dated: The _____ day of the _____ month in the year of our Lord two thousand and fifteen.

_____

Gary Hamilton

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

STATEMENT OF FACTS

2. Title 28 USC, Section 455(b)(4) and Title 28, US Code, Section 144 is very clear that any judge must recuse themselves whenever there is a conflict of interest involving an investment in the business or industry that is the subject of the dispute in a civil or criminal case. By statute, a federal judge is duty-bound to disqualify him- or herself from any proceeding on which that judge's impartiality might reasonably be questioned, or where the judge has exhibited personal bias against a party:

(a) Any justice, judge, or magistrate judge of the United States *shall* disqualify himself in any proceeding in which his *impartiality might reasonably be questioned.*

1  (b) He *shall* also disqualify himself in the following circumstances:

2  (1) Where he has a *personal bias* or prejudice concerning a party[.]

3  . . . .

4  28 U.S.C.A. § 455(a),(b) (emphasis added). "[T]he very purpose of § 455(a) is to promote

5  confidence in the judiciary by avoiding even the appearance of impropriety whenever

6  possible. Accordingly, the legal standard is an objective one that inquires whether a

7  reasonable and informed observer would question the judge's impartiality." *U.S. v. Marin*,

8  --- F.Supp.2d ----, 2009 WL 3296162, *2 (D.D.C. 2009) (quotation punctuation and

9

10  citations omitted).

11

12  3. Any direct investment in an industry that is the subject of the dispute is a reason for

13  recusal, see In re Virginia Electric Power Co., 539 F 2d 357, 366-367 (Fourth Cir. 1976).

14  Consequently I respectfully request a recusal in this matter in the interest of justice.

15

16

17  4. Upon examination of the Financial Disclosure Report filed by Judge Collyer in 2009

18  and 2010, I discovered that she has holdings of MARSICO GROWTH FUND [Stock

19  symbol MGRIX] that holds 11. 75% of the total investment in securities in what is

20  described as Financials, which are banks, including WELLS FARGO BANK, NA,

21  AMERICAN EXPRESS and CITIGROUP, see MARSICO'S SEMI ANNUAL REPORT

22  for 2013. In Judge Collyer's Financial disclosure Report filed in 2010 I noticed that CGM

23  Focus Fund is held by Judge Collyer and appears as item number 47 in her report for

24  2010. I also examined the equity holdings of that fund and discovered that the financial

25  services sector, as Of March 31, 2013 makes up 25% of the total investment portfolio in

26

27  that fund. Included in the list of banks are CITIGROUP, MORGAN STANLEY, and

28

Motion For Recusal                3

GOLDMAN SACHS. I also noticed that DVM Closed End Fund [COHEN & STEERS] is held by Judge Collyer in her 2010 Financial Disclosure Report and I noticed that this fund holds 3.68 % of its total investments in the banking sector as follows: WELLS FARGO & CO. COMMON 1.04%, JP MORGAN CHASE Common 1.09%, VISA, INC. CLASS A COMMON STOCK 94%, BANK OF AMERICA CORP COMMON .61%. In addition, the Financial Disclosure Report for Rosemary Collyer contained an investment in the BOE Closed End Fund, also known as BLACKROCK GLOBAL OPPORTUNITIES EQUITY TRUST, which invests a large block of capital in the financial sector of the economy. Blackrock, according to their website, at www2.blackrock.com, in their First Quarter Fact Sheet for 2013, invests 19.7 % of their total funds in banks, with 1.5% of that investment in BANK OF AMERICA, their largest equity holding. In the 2010 Financial Disclosure Report, Judge Rosemary Collyer reports that she has an investment in Vanguard Variable Insurance Fund International Portfolio. The Vanguard Variable Insurance Fund International Portfolio invests in equities in companies outside the United States and holds 20 % of its assets in financials, which are equities in banks, see the Vanguard Fact Sheet on this funds investments on the internet at: advisors.vanguard.com/VGApp/lip/site/advisor/investments/productoverview?/fundid=0110.

5. To allege such disqualifying bias, another statutory provision sets forth that the movant needs to submit an affidavit recounting the reasons the movant believes judicial impartiality has been compromised, along with a certificate of good faith by the movant's counsel. If the affidavit is both "timely and sufficient", the judge is disqualified and another judge is assigned to hear the case as follows:

§ 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C.A. § 144.

6. A Section 144 affidavit "sufficient" to disqualify a judge must meet three criteria in this circuit: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, and not judicial, in nature." *James v. District of Columbia*, 191 F.Supp.2d 44, 47 (D.D.C. 2002) (quotation punctuation and citation omitted).

7. It is well established that when presented with an affidavit of prejudice, the judge may not pass upon the truth or falsity of the allegations contained therein but must accept them as true for the purposes of passing upon the legal sufficiency of the affidavits. If the statutory standards are met, the judge must recuse himself or herself, even if the allegations are known by the judge to be false. *Tynan v. U.S.*, 376 F.2d 761, 764, 126 U.S.App.D.C. 206, 209 (C.A.D.C. 1967) (citations omitted), *cert. denied*, 389 U.S. 845 (1967). To determine whether bias or prejudice

Motion For Recusal 5

exists, the standard to be examined is whether the judge's mind remains open to fair trial on the merits, or whether the judge has predetermined the outcome of the issues that is the subject of the allegations of bias. Although it is both understood and accepted that judges do not approach a case empty-headed, it is also presumed that *a judge will not prejudge any case*. In each new case the judge confronts a new factual context, new evidence, and new efforts at persuasion. As long as the judge is capable of refining his views in the process of this intellectual confrontation, and *maintaining a completely open mind* to decide the facts and apply the applicable law to the facts, personal views on law and policy do not disqualify him from hearing the case. The *test may be stated* in terms of whether the *judge's mind is "irrevocably closed"* on the issues as they arise in the context of the specific case. *S. Pac. Commc'n Co. v. Am. Tel. and Tel. Co.*, 740 F.2d 980, 991, 238 U.S.App.D.C. 309, 320 (C.A.D.C. 1984) (emphasis added), *cert. denied*, 470 U.S. 1005 (1985). While judicial opinions formed based upon information gleaned by judges during the course of trial do not normally supply a valid basis for disqualification, as observed by the United States Supreme Court, statements by the judge indicating that fair judgment is no longer possible justify disqualification, even where no extra-judicial source of bias or prejudice exists.

8. I respectfully request that Judge Rosemary M. Collyer recuse herself in the interest of justice and in keeping with Title 28 USC, Section 455(b)(4), and the standards that are applied in these matters.

Respectfully submitted,

Dated: 1/29/15

Motion For Recusal                     6

Pro Hac Vice

1
2
3  _____  *[signature: James Gary Hamilton]*
    JAMES
4  Gary Hamilton
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Motion For Recusal                              7

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
FOR THE DISTRICT OF COLUMBIA

**Case No.:**

James Gary Hamilton,
EX REL.
Private Attorneys General,
Plaintiff, Relator
17576 Via Del Bravo  PO Box 954
Rancho Santa Fe, California [92067]
(858) 663-5625
jgaryhamilton46@yahoo.com

v.

JP MORGAN CHASE BANK, NA
399 Park Avenue
New York, New York 10043
US BANK, NATIONAL ASSOCIATION
425 Walnut Street
Cincinnati, Ohio 45202
HOME SALES INC.,
194 Wood Avenue South,
2nd Floor
Iselin New Jersey 08830
WELLS FARGO BANK, NA
420 Montgomery Street
San Francisco, California 94163
DOES 1 through 15, inclusive,
        Defendants
_____/

**CERTIFICATE OF GOOD FAITH IN SUPPORT OF A MOTION FOR A RECUSAL OF JUDGE ROSEMARY M. COLLYER**

To the district court of the United States for the District of Columbia.

1. I, Gary Hamilton received a copy of Judge Rosemary Collyer's financial disclosure report, which *contains the* most recent disclosure data available for Judge Collyer. Judge Collyer

Movants Certificate of Good Faith - Page 1

states in her report for the year 2010, that she holds investments in MARSICO GROWTH FUND, CGM FOCUS FUND, DVM CLOSED END FUND [COHEN & STEERS], and BOE Closed End Fund, also known as BLACKROCK GLOBAL OPPORTUNITIES EQUITY TRUST.

2. Upon examination of the Financial Disclosure Report filed by Judge Collyer in 2009 and 2010, I discovered that she has holdings of MARSICO GROWTH FUND [Stock symbol MGRIX] that holds 11. 75% of the total investment in securities in what is described as Financials, which are banks. In Judge Collyer's Financial disclosure Report filed in 2010, I noticed that CGM Focus Fund is held by Judge Collyer and appears as item number 47. I also examined the equity holdings of that fund and discovered that the financial service sector, as Of March 31, 2013 makes up 25% of the total investment portfolio in that fund. Included in the list of banks are CITIGROUP, MORGAN STANLEY, and GOLDMAN SACHS. I also noticed that DVM Closed End Fund [COHEN & STEERS] is held by Judge Collyer in her 2010 Financial Disclosure Report and that that fund holds 3.68 % of its total investments in the banking sector as follows: WELLS FARGO & CO. COMMON 1.04%, JP MORGAN CHASE Common 1.09%, VISA, INC. CLASS A COMMON STOCK 94%, BANK OF AMERICA CORP COMMON 61%. In addition, the Financial Disclosure Report for Rosemary Collyer contained an investment in the BOE Closed End Fund, also known as BLACKROCK GLOBAL OPPORTUNITIES EQUITY TRUST, which invests a large block of capital in the financial sector of the economy. Blackrock, according to their website, at www2.blackrock.com, in their First Quarter Fact Sheet for 2013, invests 19.7 % of their total funds in banks, with 1.5% of that investment in BANK OF AMERICA, their largest equity holding. Based upon the foregoing investments by Judge Collyer I believe that Judge Collyer is biased in favor of the banks and I cannot obtain imperative justice.

3. I, Gary Hamilton, the Plaintiff, while acting as my own attorney, am acting in good faith that I believe that Judge Rosemary Collyer is biased in favor of the banks and will continue to make decisions on the bench that will demonstrate bias and prejudice in favor of the banks and against the home owner and I am not filing this motion for purpose of delay or any purpose other than to obtain imperative justice.

4. In the above entitled action I am acting as my own counsel, I hereby make the foregoing statements under penalty of perjury under the laws of the United States of America and if called as a witness I am willing to testify.

Dated: The _____29Th_____ day of the _____First_____ month in the year of our Lord two thousand and fifteen.

_____/s/ James Gary Hamilton_____
James Gary Hamilton

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
FOR THE DISTRICT OF COLUMBIA

**Case No.:**

James Gary Hamilton,
EX REL.
Private Attorneys General,
Plaintiff, Relator
17576 Via Del Bravo  PO Box 954
Rancho Santa Fe, California [92067]
(858) 663-5625
jgaryhamilton46@yahoo.com

v.

JP MORGAN CHASE BANK, NA
399 Park Avenue
New York, New York 10043
US BANK, NATIONAL ASSOCIATION
425 Walnut Street
Cincinnati, Ohio 45202
HOME SALES INC.,
194 Wood Avenue South,
2nd Floor
Iselin New Jersey 08830
WELLS FARGO BANK, NA
420 Montgomery Street
San Francisco, California 94163
DOES 1 through 15, inclusive,
  Defendants
_____/

**AFFIDAVIT IN SUPPORT OF A MOTION FOR A RECUSAL OF JUDGE ROSEMARY M. COLLYER FOR CONFLICT OF INTEREST**

To the district court of the United States for the District of Columbia.

1. I, James Gary Hamilton received a copy of Judge Rosemary Collyer's financial disclosure report, which contains the most recent disclosure data available for Judge Collyer. Judge Collyer states in her report for the year 2010, that she holds investments in MARSICO GROWTH FUND, CGM FOCUS FUND, DVM CLOSED END FUND [COHEN & STEERS], and BOE

Affidavit in Support of Motion For Recusal    1

2. Upon examination of the Financial Disclosure Report filed by Judge Collyer in 2009 and 2010, I discovered that she has holdings of MARSICO GROWTH FUND [Stock symbol MGRIX] that holds 11. 75% of the total investment in securities in what are described as Financials, which are banks, including WELLS FARGO BANK, NA, AMERICAN EXPRESS and CITIGROUP, see MARSICO'S SEMI ANNUAL REPORT for 2013. In Judge Collyer's Financial disclosure Report filed in 2010 I noticed that CGM Focus Fund is held by Judge Collyer and appears in her Financial Disclosure Report for 2010 as item number 47. I also examined the equity holdings of that fund and discovered that the financial services sector, as Of March 31, 2013 makes up 25% of the total investment portfolio in that fund. Included in the list of banks are CITIGROUP, MORGAN STANLEY, and GOLDMAN SACHS. I also noticed that DVM Closed End Fund [COHEN & STEERS] is held by Judge Collyer, as described in her 2010 Financial Disclosure Report, and that that fund holds 3.68 % of its total investments in the banking sector as follows: WELLS FARGO & CO. COMMON 1.04%, JP MORGAN CHASE Common 1.09%, VISA, INC. CLASS A COMMON STOCK 94%, BANK OF AMERICA CORP COMMON .61%. In addition, the Financial Disclosure Report for Rosemary Collyer contained an investment in the BOE Closed End Fund, also known as BLACKROCK GLOBAL OPPORTUNITIES EQUITY TRUST, which invests a large block of capital in the financial sector of the economy. Blackrock, according to their website, at www2.blackrock.com, in their First Quarter Fact Sheet for 2013, invests 19.7 % of their total funds in banks, with 1.5% of that investment in BANK OF AMERICA, their largest equity holding. In the 2010 Financial Disclosure Report, Judge Rosemary Collyer reports that she has an investment in Vanguard Variable Insurance Fund

Affidavit in Support of Motion For Recusal    2

International Portfolio. The Vanguard Variable Insurance Fund International Portfolio invests in equities in companies outside the United States and holds 20 % of its assets in financials, which are equities in banks, see the Vanguard Fact Sheet on this funds investments on the internet at:

advisors.vanguard.com/VGApp/lip/site/advisor/investments/productoverview?/fundid=0110.

3. Based upon the foregoing investments identified by Judge Collyer in her Financial Disclosures Reports I believe that Judge Collyer is biased in favor of the banks and I cannot obtain imperative justice, and I believe that the judicial impartiality that a litigant is reasonably expected to receive has been compromised in this matter. The bias spoken about above is personal bias, which will adversely effect the impartial administration of justice in this case. This Affidavit is filed in compliance with Title 28 US Code, Section 144.

4. To allege such disqualifying bias, another statutory provision sets forth that the movant need submit an affidavit recounting the reasons the movant believes judicial impartiality has been compromised, along with a certificate of good faith by the movant's counsel. If the affidavit is both "timely and sufficient", the judge is disqualified and another judge is assigned to hear the case as follows:

§ 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Affidavit in Support of Motion For Recusal    3

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C.A. § 144.

5. A Section 144 affidavit "sufficient" to disqualify a judge must meet three criteria in this circuit: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, and not judicial, in nature." *James v. District of Columbia*, 191 F.Supp.2d 44, 47 (D.D.C. 2002) (quotation punctuation and citation omitted).

6. I, Gary Hamilton, am the Plaintiff in the above entitled action and I am acting as my own counsel, hereby make the foregoing statements under penalty of perjury under the laws of the United States of America and if called as a witness I am willing to testify.

Dated: The _____30 Th_____ day of the _____First_____ month in the year of our Lord two thousand and fifteen.

_James Gary Hamilton_
Gary Hamilton
Notary Attached

Affidavit in Support of Motion For Recusal    4

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

State of California ,

County of,  San Diego

On  January 30th  2015

before me,

Leslie Aileen Mendez , Notary Public

personally appeared,   James Gary Hamilton

who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature(Seal)

LESLIE AILEEN MENDEZ
Commission No. 2087142
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires October 23, 2018