**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES GARY HAMILTON,** | |
| Plaintiff, | |
| v. | Case No. 1:15-cv-00149  (CRC) |
| **JPMORGAN CHASE  BANK, NATIONAL ASSOCIATION, et al.,** | |
| Defendants. | |

**MEMORANDUM OPINION**

James Gary Hamilton,  who is proceeding *pro se*, lost his California  home to foreclosure after he fell behind on his mortgage.  In this case, the third federal lawsuit he has filed over the foreclosure, Hamilton has sued four financial institutions  with connections  to the mortgage.  He seeks cancellation  of the foreclosure due to a variety of alleged deficiencies  in the sale of the mortgage; accuses one of the Defendants, US Bank, of violating  the Truth in Lending Act ("TILA") by failing  to notify him of the assignment  of the mortgage; brings  claims under the False Claims  Act as a relator on behalf of the United States; and seeks to enforce a 2012 consent decree between the federal government and numerous  banks, including  two of the Defendants here, prohibiting  a variety of deceptive mortgage-servicing  practices.  The Defendants have moved to dismiss Hamilton's complaint.  For the reasons explained below, the Court will grant their motions.

## I.      Background

In 1999, Hamilton  purchased a home in Rancho Santa Fe, California,  with the help of a $700,000  loan from Downey Savings & Loan Association,  F.A., which was secured by a deed of trust on the property.  Compl.  ¶¶ 2, 54. Hamilton  alleges that the deed of trust was securitized

and sold to a real estate mortgage investment conduit, with Wells Fargo as the Securities Administrator. Id. ¶ 2. The entire loan was later acquired by US Bank when it purchased Downey's assets in receivership. Id. ¶ 2. In 2010, after Hamilton defaulted on the mortgage, his home was foreclosed and sold to HomeSales, Inc, a wholly owned subsidiary of JPMorgan. Id. ¶¶ 1, 68.

Hamilton brought suit in the U.S. District Court for the Southern District of California against US Bank and HomeSales, Inc., as well as a variety of other institutions and individuals, alleging violation of his constitutional rights under 42 U.S.C. § 1983, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and state law claims for quiet title, wrongful foreclosure, slander of title, and fraudulent inducement. Hamilton v. US Bank, N.A., Case No. 3:11-cv-00977 (S.D. Cal. Nov. 28, 2011). The district court dismissed Hamilton's federal claims with prejudice and declined to exercise supplemental jurisdiction over his state law claims. Id.

Hamilton now brings an eight-count Complaint in this Court against JPMorgan Chase Bank, US Bank, HomeSales Inc., and Wells Fargo Bank. Count One seeks cancellation of the 2010 foreclosure, alleges that Defendants lacked standing to foreclose on the property, and claims that the foreclosure constituted intentional infliction of emotional distress. In Counts Two through Five, Hamilton seeks to bring claims under the False Claims Act, 31 U.S.C. § 3729, as a relator on behalf of the United States and on behalf of a class of mortgagors. Count Six seeks to enforce a Consent Judgment entered into between several banks, including JP Morgan and Wells Fargo, and the federal government in a prior case in this district. See Consent Judgment, ECF Nos. 10 and 14, United States v. Bank of America Corp., 12-361 (D.D.C. Apr. 4, 2012) ("Consent Judgment"). Count Seven alleges that US Bank violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, by not providing Hamilton with notice of the assignment of his

mortgage.  Compl. ¶ 122.  Finally,  Count Eight seeks cancellation of various,  unspecified recorded documents  associated with the non-judicial  foreclosure of the property.

Defendants have moved to dismiss all of the claims,  contending that: (1) Hamilton  lacks standing to enforce the Consent Judgment because he was not a party to the underlying  action that produced it; (2) an injunction  and cancellation of documents are not causes of action, but rather remedies, and Hamilton  cannot obtain title to the California  property because he has failed to allege a viable,  credible, and complete tender of the amounts he borrowed, as required under California  law, see Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974) (establishing  that under California  law, a plaintiff  may not quiet title  without first discharging  his debt); (3) Hamilton cannot bring a False Claims Act claim as a *pro se* plaintiff;  and (4) Hamilton's  TILA claim is barred by a one-year statute of limitations.   Additionally,  US Bank moves to transfer venue to the Southern District of California,  where the property is located and all the pertinent events allegedly  took place.

## II.      Standard of Review

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss  a suit for improper  venue.  "'In considering  a Rule 12(b)(3) motion,  the court accepts the plaintiff's well-pled factual allegations  regarding venue as true, draws all reasonable inferences from those allegations  in the plaintiff's  favor, and resolves any factual conflicts in the plaintiff's  favor.'" Hunter v. Johanns, 517 F. Supp. 2d 340, 343 (D.D.C. 2007) (quoting  Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)).  The factual allegations  offered by a plaintiff proceeding  *pro se* are held "to less stringent standards than formal pleadings  drafted by lawyers." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quotations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that fails to state a legally valid claim. The complaint must contain facts "stat[ing] a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556, U.S. 662, 678 (2009).

### III.   Analysis

#### A.   Consent Judgment (Count 6)

In 2012, the federal government, 49 states, and the District of Columbia brought suit against numerous financial institutions, including JP Morgan and Wells Fargo, alleging that they had engaged in deceptive and illegal practices in servicing mortgages and foreclosing on houses before and during the 2008 financial crisis. The United States settled its claims against the banks with a Consent Judgment, which sets forth, among other things, a list of servicing standards for future foreclosure proceedings. Consent Judgment Ex. A, Settlement Term Sheet. Hamilton seeks to enforce these standards against the Defendants here. However, "'[a] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.'" SEC v. Prudential Sec. Inc., 136 F.3d 153, 157 (D.C. Cir. 1998) (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975)). This rule applies with even greater force when the government is a party to the judgment. See Beckett v. Air Line Pilots Ass'n, 995 F.2d 280, 288 (D.C. Cir. 1993) ("Only the Government can seek enforcement of its consent decrees . . . [and] even if the Government intended its consent decree to benefit a third party, that party could not enforce it unless the decree so provided." (citations omitted)). Applying these principles, this and several other courts

in this district have denied mortgagors' attempts to enforce the Consent Judgment. See, e.g., Walsh v. Bank of America, No. 15-cv-00021, 2015 WL 3961160 (D.D.C. June 29, 2015); McCain v. Bank of Am., 13 F. Supp. 3d 45 (D.D.C. 2014), aff'd sub nom., No. 14-7016, 2015 WL 3372356 (D.C. Cir. May 18, 2015); Selegstrom v. Citibank, N.A., No. 14-1071, 2014 WL 6603202 (D.D.C. Nov. 21, 2014); Ananiev v. Freitas, No. 13-00341, 2014 WL 1400857 (D.D.C. Apr. 11, 2014); Ghaffari v. Wells Fargo Bank, N.A., 6 F. Supp. 3d 24 (D.D.C. 2013). Accordingly, Hamilton cannot bring a claim under the Consent Judgment because he was not a party to it and the judgment does not explicitly permit third parties to enforce it.

Hamilton nevertheless contends that he can enforce the Consent Judgment as a relator on behalf of the government. Not so. A party may not proceed as a relator unless represented by counsel. E.g., U.S. ex rel. Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 196 (D.D.C. 2005) (citing Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 12 (D.D.C. 2003)). Hamilton is proceeding *pro se*. Hamilton also maintains that a 177-year-old Supreme Court case, Mayor of Georgetown v. Alexandria Canal Co., 37 U.S. 91 (1838), permits the Court to exercise its equitable jurisdiction to enforce a consent decree to prevent irreparable harm. He relies on a passage from that case stating that "*in cases of public nuisance, . . . [equity jurisdiction] may be exercised in those cases in which there is imminent danger of irreparable mischief, before the tardiness of the law could reach it.*" Id. at 92 (emphasis added). A claim of nuisance, however, involves an "unreasonable interference" with either "public rights," such as health and safety, or the "private use of land." Restatement (Second) of Torts §§ 821B(1), 821D (1979). Nuisance-like activity might include, for example, "indecent conduct or a rubbish heap or the smoking chimney of a factory." Id. § 821A Comment b.1. The doctrine has no

application to this case.  Hamilton may not sue to enforce the Consent Judgment on his own behalf or as a private attorney general.  Accordingly, Count Six will be dismissed.

        B.    <u>Venue</u>

Requiring that cases be brought in the proper venue ensures that a district with some interest in the dispute or nexus to the parties adjudicates the plaintiff's claims.  Venue is proper in the district where (1) a defendant resides; (2) the events giving rise to the suit occurred; or (3) if venue would not be proper in any district for those reasons, wherever the defendants are subject to personal jurisdiction.  28 U.S.C. § 1391(b).  Under certain circumstances, a court may exercise pendent venue based on a claim that is related to a claim properly brought in that court, but it may not exercise pendent venue based on a claim that has been dismissed.  <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 257 (D.C. Cir. 1993).  Here, although venue might arguably have been proper in this district as to the Consent Judgment, that claim will be dismissed.  <u>See McCain</u>, 13 F. Supp. 3d at 54 (finding improper venue as to remaining claims after dismissing claim based on the Consent Judgment) (collecting cases).  The remaining claims all involve the mortgage on Hamilton's former property.  The events surrounding his claims did not occur in the District of Columbia, nor has he alleged that any of the Defendants are residents of the District of Columbia.  Additionally, because venue would be proper in the Southern District of California, the remaining claims cannot be brought under the third prong of Section 1391(b).  Accordingly, Hamilton cannot bring his remaining claims in this Court.

When venue is improper, the district court must dismiss the suit or, if it is in the interest of justice, transfer the case to a district in which the case could have been brought.  28 U.S.C. § 1406(a).  Dismissal, instead of transfer, is appropriate when the plaintiff's claims suffer from significant substantive deficiencies.  <u>Simpkins v. District of Columbia</u>, 108 F.3d 366, 371 (D.C.

Cir. 1997).  Whether to dismiss or transfer the case is committed to the sound discretion of the district court.  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  The Court will first determine what claims may be barred by the doctrine of *res judicata* before determining whether other claims should be transferred to the Southern District of California.

      C.      Remaining Claims

          1.      Res Judicata (Counts 1 and 8)

*Res judicata* bars litigation of claims the plaintiff has already brought or that he could have raised in a prior action between the same parties or their privies.  See Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").  The District Court for the Southern District of California has already adjudicated federal claims brought by Hamilton against US Bank and HomeSales.  It first dismissed with prejudice Hamilton's constitutional claims and claims for violations of the federal Fair Debt Collection Practices Act, Hamilton v. US Bank, N.A., Case No. 3:11-cv-00977 (S.D. Cal. Nov. 28, 2011), neither of which is at issue here.  After dismissing the federal claims, the Court declined to exercise supplemental jurisdiction over Hamilton's state law claims for quiet title, wrongful foreclosure, slander of title, and fraudulent inducement.  Id. at *2.  "[D]ismissal of pendant state law claims operates as a dismissal without prejudice."  Miller v. U.S. Dep't of Agri., 126 F. App'x 417, 418 (9th Cir. 2005).  Because a "dismissal without prejudice does not determine the merits" of the claim, it does not have *res judicata* effect.  Shin v. Portals Confederation Corp., 728 A.2d 615, 618 (D.C. 1999) (quotations removed).  If the Court transferred these two Counts, both alleging state law claims for wrongful foreclosure, the District Court for the Southern District of California would very likely again decline to exercise

pendent jurisdiction.   As a result, rather than transfer the claims, the Court will dismiss Counts One and Eight without prejudice, thereby leaving Hamilton to pursue any state law remedies he may have in California state court.

### 2.    False Claims Act (Counts 2, 3, 4, and 5)

Hamilton asserts four separate causes of action under the False Claims Act.  However, he did not follow the procedures necessary to bring an action as a relator under the Act.  Among other requirements, the relator must be represented by counsel.  McCain, 13 F. Supp. 3d at 57. Because the "real party in interest in such a case is the United States," the need for adequate legal representation of the government's claims is essential.  U.S. ex rel. Fisher, 377 F. Supp. 2d at 196.  Hamilton is proceeding *pro se*.  His claims *ex relatione* must therefore be dismissed.

### 3.    Truth in Lending Act Violations (Count 7)

Hamilton alleges that US Bank violated TILA Section 1641g because it did not disclose the identity of the current noteholder.  15 U.S.C. § 1641(g).  The statute of limitations for TILA violations—with some exceptions not relevant here—is one year.  Id. § 1640(e).  According to Hamilton's securitization audit, Compl. Ex. D, his loan was last transferred in 2004. Additionally, US Bank claims to have acquired an interest in Hamilton's mortgage in 2008 when the original lender was placed in receivership.  US Bank Mot. to Dismiss at 12.  As previously mentioned, Hamilton lost title to his house in 2010 when it was foreclosed.  Hamilton, Case No. 3:11-cv-00977-DMS-RBB.   Under any possible transfer date, Count Seven is therefore barred by TILA's one-year statute of limitations.

### 4.    Intentional Infliction of Emotional Distress

Hamilton additionally contends in Count One that the foreclosure on his mortgage constituted intentional infliction of emotional distress by the Defendants.  Even construing this

allegation liberally as a separate claim, it is no more viable than the others. To make a claim of intentional infliction of emotional distress, California law requires "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . .'" Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991) (citing Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982)). For "[c]onduct to be outrageous [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. Hamilton's allegations do not meet this standard. Accordingly, Hamilton's claim of intentional infliction of emotional distress will be dismissed.

## IV.    Conclusion

For the foregoing reasons, the Court will grant the Defendants' motions to dismiss and deny US Bank, National Association's Motion to Transfer as moot. An Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   August 4, 2015